DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

RYAN REZAEI (CABN 285133)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7534
    FAX: (415) 436-7234
    ryan.rezaei@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-367-1 CRB |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| EDUARDO ALFONSO VIERA-CHIRINOS, a/k/a "Rojo," | |
| Defendant. | |

On August 8, 2019, the defendant was charged by indictment with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (Count 1), and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

This matter came before the Court on April 28, 2019, for a detention hearing. The defendant was represented by Mark Goldrosen. Assistant United States Attorney Ryan Rezaei appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: The defendant has significant ties to Honduras; his parents and children reside there. The defendant does not have significant ties to the district. For instance, the defendant claims he worked in construction, but his employment could not be verified. In addition, days after being caught with kilograms of drugs in July 2019, the defendant and his co-defendant Karen Castro-Torres—who is also the mother of the defendant's children—attempted to obtain passports and airplane tickets for their children. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 30, 2020

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge